UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

RANDI SORENSON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
d/b/a ROYAL CARIBBEAN GROUP,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

    1.    Plaintiff, RANDI SORENSON, is a citizen of California.

    2.    Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP, (hereafter "RCCL" or "Defendant") is a foreign entity incorporated under the laws of Liberia with its principal place of business in Miami, Florida.

    3.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

    4.    At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

    d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.   Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard its vessels.

5.    At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6.    At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7.    This matter is being filed in the United States District Court for the Southern District of Florida in Miami-Dade County, Florida, as required by the forum selection clause contained within the cruise ticket contract issued by Defendant.

## FACTS COMMON TO ALL COUNTS

8.    At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Symphony of the Seas* ("the vessel").

9.    At all times material hereto, Defendant had exclusive custody and control of the vessel.

10.    On or about March 5, 2022, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

11.    On or about March 5, 2022, the Plaintiff was walking on deck eight (8) of the vessel in an area called "Central Park" when she slipped and fell on a wet, slippery and/or hazardous flooring surface, and suffered severe injuries.

12. Defendant knew or should have known that the subject flooring of the walkway in Central Park was unreasonably dangerous because, upon information and belief, numerous prior similar slip and fall incidents had occurred in the same area.

13. Prior to Plaintiff's slip and fall incident a passenger named Arella Squarer slipped and fell in the same location under substantially similar conditions as a result of the wet, slippery and/or hazardous flooring surface in Central Park of the vessel. Arella Squarer filed a lawsuit against RCCL for her injuries in the case styled *Arella Squarer v. Royal Caribbean Cruises, Ltd., et. al.*, Southern District of Florida Case No. 1:20-cv-21752-JEM.

14. Furthermore, upon information and belief, numerous prior similar incidents of slip and fall had occurred on other *Oasis*-class cruise ships owned and operated by RCCL, including the *Oasis of the Seas*, *Allure of the Seas*, and *Harmony of the Seas*. These same class vessels have the same design, layout, and flooring material, and prior slip and fall incidents have occurred in substantially similar fashion to Plaintiff's incident on these vessels.

15. Defendant is charged with notice from the aforementioned prior similar incidents.

16. In addition to notice via prior incidents of slip and fall, upon information and belief, RCCL has also received numerous passenger complaints and comments about the slippery nature of the flooring in Central Park.

17. Throughout the Central Park area RCCL has posted blue and white signs which state "Watch Your Step Deck Slippery When Wet."

18. Additionally, upon information and belief, RCCL as a matter of policy places yellow caution triangles throughout Central Park which contain a warning about the slippery nature of the flooring when wet.

19. Upon information and belief, RCCL posts crewmembers in Central Park who are tasked with patrolling the walkways to ensure that they are clean and dry, and to monitor them regularly to prevent slip and falls and keep them safe for passengers.

20. These corrective actions demonstrate RCCL's notice of the dangerous condition of the flooring in Central Park.

21. RCCL had notice that the area where Plaintiff fell had a reasonable tendency to become wet.

22. RCCL had actual or constructive knowledge that the flooring where Plaintiff fell could be slippery and therefore dangerous when wet.

23. Defendant knew or should have known that the dangerous condition existed because crewmembers were in the immediate vicinity of the wet floor prior to Plaintiff's incident and failed to comply with policies and procedures for handling slip and fall hazards, and the wet condition of the floor was present for a sufficient amount of time that a crew member knew or should have known of its existence and acted to address the situation.

24. Plaintiff was unaware that the floor was left in a wet condition as the wetness was hard to discern due to the coloration of the subject flooring. Additionally, Plaintiff was unaware of the extremely and unreasonably slippery nature of the flooring, which could not be perceived or appreciated with the naked eye or through the use of one's normal faculties until it was too late. The danger was not open and obvious.

25. Upon information and belief, on the date of Plaintiff's incident the subject flooring had been permitted to remain wet and slippery for approximately an hour prior to the fall.

26. Approximately an hour prior to Plaintiff's fall an RCCL Crewmember was using a hose to do maintenance in the vicinity of Central Park. He was spraying water on the subject

walkway, presumably to clean and maintain it. His actions caused water to accumulate in the area that Randi Sorensen would ultimately fall. After using the hose and causing the subject floor to become wet he failed to make the walkway safe and dry for pedestrians, or to otherwise cordon off the area or post sufficient warning signs to prevent slip and falls. RCCL is vicariously liable for the negligent actions of this crewmember.[1]

27. Randi Sorensen was treated in the vessels medical center following her fall. The RCCL physician that examined and treated her determined that she had suffered a fracture of her left ankle which would likely require surgery.

28. Randi Sorensen returned to California and underwent surgical repair to her left ankle which required the implantation of hardware.

29. Randi Sorensen's ability to walk and her gait were severely impacted by RCCL's negligence.

30. On April 26, 2022, Randi Sorensen lost her balance and fell for a second time as a result of her impaired gait, physical impairment, disability, and the injuries she suffered during the first fall. The second fall would not have occurred if she had not been rendered physically impaired and disabled as a result of the RCCL's negligence from the underlying fall incident. The second fall flowed from the original injury, and RCCL's negligence is the direct and proximate cause of the second fall and subsequent additional injuries. Randi Sorensen was exercising reasonable care to the best of her abilities at the time of the second fall. As she attempted to walk down a single step she was caused to lose her balance due to her disabled condition. Her weakened and disabled ankle caused her to lose her balance and fall while descending the single step. As a result of the

---

[1] Plaintiff is presently unaware of the name of the crewmember and was not provided with the name presuit to be identified in the complaint. Plaintiff's counsel anticipates that the name will be ascertained during written discovery.

second fall Randi Sorensen suffered a fracture to her right ankle which also required surgical repair. RCCL is liable for all the damages related to both falls.

### COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

32. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

33. On or about the above date, Plaintiff was on deck eight in Central Park aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

34. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers and the Plaintiff of the wet, slippery and/or hazardous condition of the subject area;

   b. Failure to warn passengers and Plaintiff of the risks and/or dangers associated with the wet, slippery and/or hazardous condition of the subject area;

   c. Failure to warn passengers and Plaintiff of other slip-and-fall incidents previously occurring in same area, same deck and/or same flooring surface;

    d. Failing to provide passengers and Plaintiff with adequate, sufficient, and meaningful warnings commensurate with the degree of risk and high prevalence of prior slip and falls incidents in the vicinity;

    e. Failing to post or display warnings in locations that are readily visible to passengers and Plaintiff in order to effectively communicate the warning and its contents;

35. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have walked on the wet, slippery and/or hazardous flooring surface had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

36. At all times material hereto, the surface of the subject area was wet, slippery and/or hazardous and unreasonably dangerous and unreasonably slippery.

37. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface.

38. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

39. As a direct and proximate result of the negligence of Defendant, Plaintiff was rendered physically impaired, disabled, and her gait and ability to walk was severely disrupted, which caused her to suffer a subsequent fall injury on April 26, 2022. During the second fall incident Plaintiff suffered additional and subsequent injuries about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. RCCL's negligence is the direct and proximate cause of the second fall incident, and they are liable for all damages suffered as result of the second fall.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

40. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

41. At all times material hereto, it was the duty of Defendant to maintain the walkways on deck eight in Central Park in a reasonably safe condition.

42. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to regularly and adequately inspect subject area to determine whether it was unreasonably wet, slippery and/or hazardous;

   b. Failure to regularly and adequately clean the subject area;

   c. Failure to maintain the walkways near the subject area in a reasonably safe condition in light of the anticipated use of the area;

   d. Failure to maintain the subject flooring surface in a reasonably safe condition if/when the floor became wet, slippery and/or hazardous, including, but not limited to, closing off the areas that were dangerously slippery, placing signage to caution passengers of hazardous areas, and/or directing passengers to alternative, safe areas.

   e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to inspecting and/or maintaining walkways to prevent slip-and-fall incidents.

43. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

44. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface.

45. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

46. As a direct and proximate result of the negligence of Defendant, Plaintiff was rendered physically impaired, disabled, and her gait and ability to walk was severely disrupted, which caused her to suffer a subsequent fall injury on April 26, 2022. During the second fall incident Plaintiff suffered additional and subsequent injuries about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. RCCL's negligence is the direct and proximate cause of the second fall incident, and they are liable for all damages suffered as result of the second fall.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

47. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

48. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to close off the wet slippery and/or hazardous areas on the deck;

   b. Failure to provide adequate lighting in the area where the incident occurred;

   c. Failure to instruct passengers and the Plaintiff concerning footwear;

   d. Failure to correct hazardous conditions following other slip-and-fall incidents on the same area, same deck and/or same flooring surface;

   e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to preventing slip-and-fall incidents;

   f. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck;

   g. Failure to have a non-slip or non-skid flooring surface on or around the subject area;

   h. Failure to place rubber mats or other non-slip coverings on or around the subject area;

   i. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

49. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

50. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of

time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface.

51. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

52. As a direct and proximate result of the negligence of Defendant, Plaintiff was rendered physically impaired, disabled, and her gait and ability to walk was severely disrupted, which caused her to suffer a subsequent fall injury on April 26, 2022. During the second fall incident Plaintiff suffered additional and subsequent injuries about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. RCCL's negligence is the direct and proximate cause of the second fall incident, and they are liable for all damages suffered as result of the second fall.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT IV – VICARIOUS LIABILITY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

53. On March 5, 2022, approximately one or two hours prior to the incident an RCCL Crewmember was using a hose to do maintenance and cleaning in the area where Plaintiff would eventually fall.

54. The RCCL Crewmember was spraying water on the subject walkway, presumably to clean and maintain it. His actions caused water to accumulate in the walkway area where Plaintiff and passengers are intended to walk through Central Park.

55. After using the hose and causing the subject floor to become wet he failed to make the walkway safe and dry for pedestrians and Plaintiff, or to otherwise cordon off the area or post sufficient warning signs to prevent slip and falls. RCCL is vicariously liable for the negligent actions of this crewmember.

56. At all times material hereto, this crewmember was hired, retained, or employed by RCCL.

57. At all times material hereto, this crewmember was an agent of RCCL acting within the course and scope of his employment when he acted negligently.

58. RCCL is vicariously liable for the negligent acts of its employees, including this negligent Crewmember.

59. RCCL assented for its crewmember employees, including the crewmember whose negligence injured Plaintiff, to act on RCCL's behalf.

60. RCCL's crewmember employees, including the crewmember whose negligence injured Plaintiff, was subject to RCCL's control under classic agency principles.

61. The negligent actions of this RCCL crewmember permitted Plaintiff to walk directly into a wet, slippery, and dangerous floor. The crewmember negligently failed to warn of the condition, negligently failed to instruct Plaintiff to exercise caution. The crewmember negligently failed to make the floor safe and dry prior to wetting it, or otherwise failed to cordon off the dangerous area or alter the course of passenger movement. This crewmember negligently failed to observe and communicate the dangerous condition of the floor and failed to otherwise instruct a different crewmember to make the floor safe or institute the chain of command. As a direct and proximate result of this crewmember's negligence and tortious conduct, Plaintiff was caused to slip and fall and become injured.

62. As a direct and proximate result of the negligence of Defendant's crewmember, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

63. As a direct and proximate result of the negligence of Defendant's crewmember, Plaintiff was rendered physically impaired, disabled, and her gait and ability to walk was severely disrupted, which caused her to suffer a subsequent fall injury on April 26, 2022. During the second fall incident Plaintiff suffered additional and subsequent injuries about Plaintiff's body and

extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. RCCL's negligence is the direct and proximate cause of the second fall incident, and they are liable for all damages suffered as result of the second fall.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: July 15, 2022

**Thomas Graham, Esq.**
**Eric Mausner, Esq.**
*Counsel for Plaintiff*
**MAUSNER GRAHAM**
**INJURY LAW PLLC**
1 NE 2nd Avenue, Suite 200
Miami, Florida 33132
P: (305) 344-4878
F: (305) 800-8677
E: tom@mginjuryfirm.com
E: lucely@mginjuryfirm.com
E: eservice@mginjuryfirm.com

By: _/s/ Thomas Graham_
**Thomas Graham, Esq.**
**FBN: 89043**